this case is less than that required to vest this court with jurisdiction of the appeal. The case is therefore ordered to be transferred to the Court of Appeal, Second Circuit, on appellants' complying with the law (Act No. 56, of 1904) authorizing such transfer; otherwise, and in default of such compliance, the appeal is dismissed.

---

(57 South. 306.)

No. 18,439.

ELMS v. FOOTE et al.

(Nov. 13, 1911.  Rehearing Denied Jan. 29, 1912.)

*(Syllabus by the Court.)*

1. BOUNDARIES (§ 3*)—LOCATION OF MILEPOSTS—GOVERNMENTAL SURVEYS.

The location of mileposts on a basis meridian line by measurement from a degree of latitude, cannot be affected by surveys from other starting points west of such meridian.

[Ed. Note.—For other cases, see Boundaries, Dec. Dig. § 3.*]

2. BOUNDARIES (§ 54*) — RESURVEYS — APPROVAL—EFFECT.

Where the location of a certain milepost on the basis meridian has been fixed by two governmental resurveys, duly approved, such surveys necessarily supersede the original survey.

[Ed. Note.—For other cases, see Boundaries, Dec. Dig. § 54.*]

Appeal from Seventeenth Judicial District Court, Parish of Vermillion; Wm. P. Edwards, Judge.

Action by George O. Elms against F. F. Foote and others. Judgment for defendants, and plaintiff appeals. Affirmed.

McCoy, Moss & Knox and Gordy & Gordy, for appellant. Kitchell & Bailey, for appellees.

LAND, J.  This is a petitory action to recover sections 41 and 42 in township 12 south, range 1 west, Louisiana Meridian, as per survey of John W. Rhorer, made in May, 1905, containing about 230 acres, and rents for said property for the year 1908.

The defense is that the land sued for is a part of the S. ½ of section 33, township 11 south, range 1 west, according to the original survey made by Joseph Aborn in 1807, and a resurvey by W. H. R. Hangen in 1873, and is included in the chain of title of the defendants, emanating from the state of Louisiana.

There was judgment for the defendants, and the plaintiff has appealed.

There is no dispute as to titles, and the issue has been narrowed down to the question of the true boundary line between townships 11 and 12, and the solution of this question hinges on the proper location of the sixty-sixth milepost on the basis meridian line.

The basis meridian line south of the thirty-first degree of latitude was originally surveyed by Thomas Owing, in 1806, and he set posts at the end of each mile running south. Owing set a post at the end of the sixty-sixth mile south, which marked the southeast corner of township 11 south, range 1 west. The south boundary of the same township was originally surveyed by Joseph Aborn in 1807 "beginning at the sixty-sixth milepost on the basis meridian at the southeast corner of this township and section (36) and running due west."

The plaintiff contends that the Hangen survey of 1873 changed the south boundary of township 11 south, range 1 west by locating it *north* of the sixty-sixth milepost. Hangen commenced at the fifty-fifth milepost which he clearly identified, and, running south, re-established the mileposts, from 55 to 66, inclusive. Hangen was instructed to retrace the old basis meridian line as established by the previous surveys of Owing in 1806, Waile in 1808, and Phelps in 1856; and was further instructed to retrace the south boundary of township 11 south, range 1 west, by beginning at its southeast corner running due west, re-establishing the original corners where they could be clearly identified, and when they could not be so identified, to resurvey the line in conformity with the original field notes. Hangen resurveyed the northern boundary of township 12 south, range 1

west, which is the southern boundary of township 11, range 1 west, beginning at the sixty-sixth milepost as previously re-established by him. According to the resurvey of Waile made in 1808, the eastern boundary of township 11 south, range 1 west, measured 485.55 chains. The resurvey of Hangen in 1873 was from the same starting point— that is, the northeast corner of township 11 south, range 1 west—and agrees with the Waile survey in course and distance from mile to mile, and consequently in the total distance of 485.55 chains. The Owing field notes give no distances between the mileposts, except for the first and last mile. The difference between his survey and those of Waile and Hangen for the first mile is only 4 links, and the difference for the last mile is 2.30 chains. Owing's notes show that the last mile was run by him through a country partly inundated, and this fact, doubtless, was the cause of the discrepancy. The slight errors of Owing in his measurements were corrected by the Waile survey made two years later; and the correctness of his measurements was confirmed by the resurvey made by Hangen in 1873. There is no dispute as to the location of the sixty-sixth milepost by Hangen. The post is where it should be; that is, on the prolongation of the southern boundary of the township east of the basis meridian and directly opposite township 11 south, range 1 west.

Plaintiff's whole case hinges on the theory that the sixty-sixth milepost from which Aborn surveyed the south boundary of township 11 south, range 1 west, was 14 chains and a fraction south of the sixty-sixth milepost as re-established by Hangen in 1873. As Aborn took for his starting point the sixty-sixth milepost established by Owing in 1806, the plaintiff's theory is that the Owing sixty-sixth milepost was 14 chains and a fraction south of the sixty-sixth milepost, as re-established by Waile and Hangen. This theory is not supported by the field notes of Owing, and is exploded by the resurveys of Waile and Hangen.

[1, 2] It is unnecessary to consider surveys from starting points at long distances west of, and not prolonged to, the basis meridian, as such surveys cannot possibly change the location of mileposts established by measurement from the thirty-first degree of latitude, a mathematically certain starting point.

It is therefore ordered that the judgment below be affirmed, and that plaintiff pay the costs of appeal.

<hr/>

(57 South. 307.)

No. 18,442.

ELMS v. ELLIOTT.

(Nov. 27, 1911. Rehearing Denied Jan. 29, 1912.)

*(Syllabus by the Court.)*

1. TOWNS (§ 4*) — BOUNDARIES—ESTABLISHMENT—EVIDENCE.

The dividing line between the two townships is not sustained as to its correctness by the evidence of plaintiff.

The new line does not supersede the old line.

[Ed. Note.—For other cases, see Towns, Dec. Dig. § 4.*]

2. PUBLIC LANDS (§ 60*)—SWAMP LANDS—NECESSITY OF SURVEY.

No land passes from the federal government to the state, under the Swamp Land Acts of 1849 and 1852, unless it has been surveyed. The survey is the basis of the transfer by the United States to the state.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 186, 187; Dec. Dig. § 60.*]

Appeal from Seventeenth Judicial District Court, Parish of Vermillion; Wm. P. Edwards, Judge.

Action by George O. Elms against Lee Elliott. Judgment for defendant, and plaintiff appeals. Affirmed.

McCoy, Moss & Knox and Gordy & Gordy, for appellant. Kitchell & Bailey, for appellee.