BREAUX, O. J.
Plaintiff brought this action to recover fractional portions 44 and 45 in township 12 south, of range 2 west, containing 160 arpents.
Plaintiff holds a patent from the state, which was issued to his first precedessor in title on November 5, 1907, and duly recorded.
The defendant claimed the land described from George (L. McClure.
The latter acquired from Francois and Jean Pierre Gueydan, and avers that he and the authors of his title have been in possession for over 20 years.
1-Ie assails the correctness of the Rhorer survey, on which plaintiff relies to sustain his claim to the land.
Defendant specially invoked the early surveys made under the government authority.
His contention is that the recent surveys are erroneous and afforded no grounds to the Registrar of the Land Office to issue the patent which is now in the possession of the plaintiff.
Defendant cited his warrantor, and he and his warrantors agree that there was no reason to change the eastern line between the two townships, 12 — 2 west and the adjacent township, 12 — 3 west, as attempted in this case.
Judgment was pronounced for defendant, and plaintiff appealed.
[1] The undisputed facts are: That the land was surveyed by Joseph Aborn in 1807, and the line between those two townships was located. This line had been previously established by Lueien Waile, who also surveyed part of the meridian line which passes at a comparatively small distance. That the defendant bought the land in controversy prior to the date of the survey made by Mr. John S. Rhorer.
The dividing line between the two townships, 12 — 2 and 12 — 3 west must be sustained until it is proven positively that they are erroneous lines, and, even then, the title ' would not be in the defendant, but the land would still belong to the United States government.
The United States government had the lines resurveyed by I-Iangen, surveyor, in 1873.
According to this resurvey of the old lines established by Aborn and others in 1807, the west boundary line of township 12 — 2 is the east boundary line of township 12, range 3.
All of the surveyors prior to Mr. Rhorer located the lines as represented on the United States maps.
The weight of the testimony is that there was no room for a strip between the two townships before mentioned, and, without a strip, plaintiff cannot locate his claim.
There is positive evidence of record that the line claimed by plaintiff does not correspond with the Aborn line.
One of the surveyors who testified in this case had surveyed the line a few days before he gave his testimony.
He stated that he traced the meridian line and the line in controversy according to the I-Iangen field notes. He mentioned the difference that there is between the old line and the lines established by Mr.'Rhorer.
He is corroborated by other surveyors who testified.
[2] Without reference to the evidence, it ■ remains that no land passes from the United States government to the state without a survey.
If the land in controversy had not been surveyed, or, if it had been omitted from the survey by error, it would still be the land of the federal government.
No land passes from the general government without listing it, and the list must be based upon a survey.
The policy of the government, as relates to the swamp land acts of 1849 and 1852, has always been to have them surveyed before delivering them to the state. See ease of *981 Elms v. Foote, 129 La. 975, 57 South. 306, recently handed down.
For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed at appellant’s costs.