### No. 5395.
### First Circuit Appeal.

---

## LEUFROY SONNIER v. ALCEE SONNIER, ET AL.

---

(December 30, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Surveyors and Surveys—Par. 2, 3, 4, 5.**
Where the evidence by the surveyors in a boundary suit shows that several surveys have been made, each one giving different results; that the lines which they ran failed to tie; that there is doubt as to whether their starting point is correct, etc., the judgment of the lower court rejecting the lines re-located by the surveyors is correct.

2. **Louisiana Digest, Appeal.—Par. 625.**
Unless clearly erroneous, the judgment of the trial court on questions of fact, will not be disturbed. In this case, the result of a survey to determine a boundary was rejected.

3. **Louisiana Digest, Surveyors and Surveys—Par. 27.**
Where there is no proof of a demand on the one side, and a refusal to have the boundaries determined peaceably on the other, the costs should be divided equally between the parties.

Appeal from the 18th Judicial District, Parish of Acadia, Hon. W. W. Bailey, Judge.

This is an action to have a boundary determined. The report of the surveyors was rejected by the court and the plaintiff has appealed.

Judgment affirmed and amended as to costs.

P. S. Pugh, of Crowley, attorney for plaintiff, appellant.

Gremillion & Smith, of Crowley, attorneys for defendant, appellee.

ELLIOTT, J. The object of this suit is to have a lost boundary line re-located and there is no question of title, other than that which is incident to the correct relocation of the line.

Merrill Bernard was ordered by the court to fix the boundary between the E. ½ of the S. E. ¼ of Section 17 Township 10 S. R. 1. W; Louisiana Meridian belonging to Leufroy Sonnier and the adjoining lands of Alcee Sonnier and of Numa Sonnier in Section 20 same township and range.

Numa Sonnier in his answer denies owning any adjoining lands so he will be eliminated from the controversy; but Alcee Sonnier in his answer admits that he does, that plaintiff has endeavored to obtain his consent, without avail to have the line fixed and his consent was not given because the land claimed by plaintiff to be on his side of the boundary is not in Section 17, but is in Section 20 and therefore belongs to defendant. He admits that several surveyors have established lines between sections 17 and 20; that their lines differ in many respects and urged that the line as re-located by Bernard was not correct, etc.

The trial court after hearing, rejected the line between the two sections as re-located by Bernard and P. J. Letts surveyors and the suit was dismissed and the cost taxed against the plaintiff.

The plaintiff has appealed.

The record, map, plan return and testimony of Merrill Bernard and of P. J. Letts surveyors shows that Mr. Bernard in his effort to re-locate the line in question, commenced as he supposes at the north west corner of Township 10 S. R. 1. W. and ran

south until he reached a point which he concluded was opposite the south west corner of section 17 and the north west corner of section 20. We have examined his testimony and return and the only question that we can see that is not definite and certain is whether he started from the true north west corner of the township; which is not definite nor certain because of the failure of this line to tie and connect with the southern line which we will hereafter consider by several hundred feet. It may be that the northern starting point was correct and the fault is with the one from which a southern start was made; all we can say at present is that we don't know whether either or both are right or wrong; the evidence does not enable us to determine the matter.

After running the above line; Bernard with P. J. Letts surveyors repaired to what they believed to be the south west corner of section 33 T. 10 S. R. 1. W., marked by a plowbeam. Starting from thence with Mr. Letts surveying they ran north of the place where the north east corner of section 20 terminates on the south east corner of section 17 and thence ran west for the boundary between the two sections, the boundary in question, trusting to tie with the southern end of the line first run as above stated but failed to do so by several hundred feet. They give several reasons why the discrepancy mentioned exists among others they believe that an excess of land exists in the township. They did not take this supposed excess into account in re-locating the boundary in question; but proceded to the location without reference to excess area in the township, if there be any, although they admit that such an important excess, distributed among the sections in the township, would affect the line between sections 17 and 20 as relocated by them. They knew that their line was in conflict with older lines; therefore it was error on their part to take anything for granted that could be proved; to leave one proved point of departure. The "plowbeam" above mentioned was not a proved point of departure. It may be a true point, but if it is, they did not prove it and in there testimony express doubts as to whether the line ran by them between sections 17 and 20 can stand the test of the future.

The 66th mile post is a proved point of departure for surveys in T-10 S. R. 1. W. It was so decreed by the Supreme Court in Elms vs. Foote, 129 La. 975, 57 South. 306, and they were aware of that fact and could have measured from thence the place where is was pointed out to be; but they did not do that and by failing to do so they have not made sure of their work

The thing to do is to find and re-locate of course, if it can be found, the old government line between sections 17 and 20; 16 and 21; 15 and 22, etc., and to that end, all old government marks, corners, proved points for departure in the township, should have been searched for and measured from, to the line mentioned as helps and supports and proof of the proper re-location of the same.

If there is excess area in the township; it should be ascertained and distributed pro rata among the sections in the township where it belongs; because if excess exists a definite and proper re-location of the boundary between the two sections mentioned is impossible until it is done. The re-location of same before us on this appeal, not having for its support, any proved point for departure in the township; it can not be accepted until it is properly supported.

Its establishment involves no question of title or possession; except that incident to the boundary; and is a continuing neces-

sity, the accomplishment of which is for the public good. Because the officer appointed by the court to re-locate the boundary, attempted. to do it without measurement from a proved point of departure is no reason for the dismissal of plaintiff's suit as it is not plaintiff's fault. The court should have ordered the work done over and to the end that the surveyors might make no more mistakes of the same kind, should have given him explicit instructions in writing as to his duties under the law applicable to the demands of the occasion. Unless that be done the boundary could never be re-established except by consent. As for the cost in such a case, where the necessity for the judicial fixing is apparent and the defendant has refused to join in the suit; the cost must be paid one-half by the plaintiff and the other half by the defendant; such is the intent of the law.

It is therefore ordered adjudged and decreed that the judgment appealed from, declining to accept the line between sections 17 and 20, T. 10 S., R. 1 W., as re-located by Messrs. Bernard and Letts, surveyors, for the reasons above stated is approved and affirmed; but that part of the judgment appealed from which dismisses plaintiff's suit and taxes the cost against him is erroneous and contrary to the law and the evidence and the same is therefore annulled, avoided and set aside to that extent. It is further ordered that this case be and it is hereby remanded to the lower court for the purpose and to the end that the order for the re-establishment of the dividing line between sections 17 and 20, T. 10 S., R. 1 W., may be carried out and complied with as the law provides: That explicit written instructions be given by the lower court to the surveyors appointed to execute the order, as to their duties in the performance of the work, in the pres-

ence of the parties to the survey, before the commencement of the same that a time be fixed by the court for their return in the matter. It is further ordered that half of the cost of the lower court be paid by plaintiff, Leufroy Sonnier and the other half by defendant, Alcee Sonnier, that the cost of this appeal be paid by Alcee Sonnier.